UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | | |
|---|---|---|---|
| REGINA J. LYONS, | ) | | |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | No.: | 3:10-CV-502 |
| | ) | | (VARLAN/SHIRLEY) |
| MICHAEL J. ASTRUE, | ) | | |
| Commissioner of Social Security, | ) | | |
| | ) | | |
| Defendant. | ) | | |

# MEMORANDUM OPINION

This Social Security appeal is before the Court on the Report and Recommendation (the "R&R") entered by United States Magistrate Judge C. Clifford Shirley [Doc. 19] on December 6, 2011. In the R&R, Magistrate Judge Shirley concluded that the Administrative Law Judge (the "ALJ") properly reviewed and weighed the evidence to determine that plaintiff, Regina J. Lyons, is capable of performing light work, with certain enumerated restrictions, that substantial evidence supports the ALJ's findings and conclusions, and that remand of this case was inappropriate. Accordingly, Judge Shirley recommended that plaintiff's motion for summary judgment [Doc. 13] be denied and that the Commissioner's motion for summary judgment [Doc. 17] be granted.

Plaintiff has submitted objections to the R&R [Doc. 20], asserting that she disagrees with the magistrate judge's conclusion that the residual functional capacity (the "RFC") determination by the ALJ was supported by substantial evidence. Plaintiff argues that the ALJ failed to properly consider her obesity and the medical opinions of record. The

Commissioner has not responded to plaintiff's objections, and the time for doing so has passed. *See* Fed. R. Civ. P. 72(b)(2).

The Court has carefully reviewed the R&R, plaintiff's objections, the underlying briefs, and the transcript of this matter, all under the relevant and controlling law. For the reasons set forth herein, the Court is in agreement with Magistrate Judge Shirley that substantial evidence supports the ALJ's findings and conclusions. Accordingly, the Court will accept in whole the R&R [Doc. 19], which the Court will adopt and incorporate into its ruling, overrule plaintiff's objections [Doc. 20], deny plaintiff's motion for summary judgment [Doc. 13], and grant the Commissioner's motion for summary judgment [Doc. 17].

## I.     Standard of Review

The Court must conduct a *de novo* review of portions of the magistrate judge's R&R to which specific objections are made unless the objections are frivolous, conclusive, or general. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987); *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). The Court must determine whether the Commissioner applied the proper legal standards and whether the Commissioner's findings are supported by substantial evidence based upon the record as a whole. *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). The substantial evidence standard of judicial review requires that the Court accept the Commissioner's decision if a reasonable mind might accept the evidence in the record as adequate to support the Commissioner's conclusions. *Walters v.*

*Comm'r of Soc. Sec. Admin.*, 127 F.3d 525, 528 (6th Cir. 1997). If substantial evidence supports the Commissioner's decision, it is irrelevant whether the record could support a decision in the plaintiff's favor or whether the Court would have decided the case differently. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986). On review, the plaintiff bears the burden of proving entitlement to benefits. *Boyes v. Sec. of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994) (citing *Halsey v. Richardson*, 441 F.2d 1230 (6th Cir. 1971)).

Although the Court is required to engage in a *de novo* review of specific objections, if the objections merely restate the party's arguments raised in the motion for summary judgment that were previously addressed by the magistrate judge, the Court may deem the objections waived. *See VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). "A general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *VanDiver*, 304 F. Supp. 2d at 937. The United States Court of Appeals for the Sixth Circuit has also explained that:

> A general objection to the entirety of the magistrate's report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes

3

> judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.

*Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).

## II. Analysis

Plaintiff makes three objections to the R&R. First, she argues that the magistrate judge erred in finding that the ALJ properly considered the findings and opinions of Eugene Pickett ("Nurse Pickett"), a nurse practitioner who treated plaintiff. Second, plaintiff argues that the magistrate judge erred in finding that the ALJ properly considered the findings and opinions of the consulting physicians and medical sources of record. Third, plaintiff argues that the magistrate judge erred in finding that the ALJ properly considered her obesity.

### A. Nurse Pickett

Plaintiff argues that Nurse Pickett's opinions deserve greater weight and that the ALJ rejected them completely. In the R&R's discussion of Nurse Pickett's opinions and the ALJ's findings regarding those opinions, the magistrate judge noted that under the statutory guidelines, administrative law judges are directed to consider and discuss "other sources" such as the opinions of nurse practitioners, including discussing any inconsistencies between such opinions and the other medical evidence of record, and noting whenever those findings infringe upon issues reserved for the Commissioner [Doc. 19, p. 10]. The magistrate judge also considered the following: Nurse Pickett's medical assessments, plaintiff's summary of Nurse Pickett's findings, and the ALJ's findings regarding the medical assessments.

In her objection, plaintiff states that Nurse Pickett listed the treatment plaintiff received and her symptoms and complaints, and asserts that these constitute "objective findings" by Nurse Pickett which the ALJ did not address [Doc. 20, p. 2]. Plaintiff does not, however, discuss Judge Shirley's determination that Nurse Pickett's findings and opinions in the medical assessments consist largely of notes composed off of a template without change, including reciting, for a period of several months, the same complaints and treatment [Doc. 19, pp. 10-11]. Judge Shirley also determined that the only unique comments in the medical assessments were based largely on plaintiff's self-reporting and not Nurse Pickett's own opinions or findings [*Id.*, p. 11]. Plaintiff also does not offer any new or additional argument regarding why the medical evidence of record would support the limitations found by Nurse Pickett rather than the limitations found by the ALJ. Rather, plaintiff makes the same conculsory argument rejected by Judge Shirley, that Nurse Pickett's opinions "deserved great weight, yet the ALJ rejected them completely." [Doc. 20, p. 1].

Upon the Court's review of the R&R, the findings of the ALJ, and the findings and opinions of Nurse Pickett in the medical assessments [Tr., 612-17, 667-77], the Court agrees with the magistrate judge regarding the ALJ's treatment of Nurse Pickett's findings and opinions. The Court also agrees with Judge Shirley that the ALJ did not completely reject, without consideration, Nurse Pickett's opinions and findings. Rather, the ALJ properly outlined his disagreement with those findings because they were not consistent with plaintiff's treatment history [Tr., pp. 22, 667-74, 765-72].

5

### B. Consulting Physicians and Other Medical Sources

Plaintiff also argues that the record contains five medical opinions which contain additional work-related limitations which were not included in the ALJ's RFC determination and which the ALJ therefore did not properly consider. Plaintiff argues that Magistrate Judge Shirley erred in concluding that the ALJ was not required to discuss the opinions of these consulting physicians or explain his apparent rejection of their opinions.

The Court disagrees with plaintiff that the ALJ was required to discuss or explain his rejection of all these opinions. As noted by Judge Shirley, the applicable regulations require an administrative law judge to *evaluate* each medical opinion. Thus, there is no requirement in the Sixth Circuit that an administrative law judge *discuss* each piece of data that is a part of the record so long as the ALJ's opinion considers the record as a whole and reaches a reasoned conclusion [Doc. 19, p. 12 (citing *Boseley v. Comm'r of Soc. Sec.*, 397 F. App'x 195, 199 (6th Cir. 2010))]. The magistrate judge considered the medical opinions referenced by plaintiff, and he noted that plaintiff did not discuss how substantial evidence did not support the ALJ's findings, nor did she discuss how the ALJ's omission of these medical sources in regard to any limitations the ALJ found prejudiced plaintiff or how the medical opinions would have affected the ALJ's disability determination. *See Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) ("Yet, even if supported by substantial evidence, 'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations *and* where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'") (citation omitted) (emphasis added). Judge Shirley also

6

noted that while the ALJ did not adopt the entirety of the medical source opinions, the ALJ did adopt several of the limitations noted by the sources in his RFC findings [Doc. 19, pp. 13-15]. Plaintiff's objection will thus be overruled because the Court agrees with the magistrate judge that the ALJ was not required to discuss every medical source of record and because the opinion of the ALJ considered the record as a whole and referenced substantial record evidence to support its conclusions.

### C. Obesity

Plaintiff's third objection is to what she asserts is the magistrate judge's erroneous determination that the ALJ properly considered her obesity. Plaintiff asserts that despite the obviousness of her obesity from the record, the ALJ did not mention it in his decision or consider its effect on plaintiff and her limitations. Plaintiff argues, as she did in her initial motion, that this goes against the directive to administrative law judges in Social Security Ruling 02-01p to consider the effect of obesity on claimants when assessing their claims and functioning. Plaintiff also asserts that the magistrate judge offered his own opinion and reasons for why the ALJ properly considered plaintiff's obesity but that it is not for a reviewing court to parse the record to find support for the conclusion of an administrative law judge.

The Court does not find the magistrate judge's conclusion regarding the ALJ's consideration of plaintiff's obesity to be erroneous. As noted by the magistrate judge, the ALJ found that plaintiff had various limitations relating to exertional functions which are

7

consistent with conditions arising from or exacerbated by obesity [Doc. 19, pp. 15-17; Tr., pp. 24-26, 41]. Furthermore,

> Social Security Ruling 02-01p does not mandate a particular mode of analysis. It only states that obesity, in combination with other impairments, "may" increase the severity of the other limitations. It is a mischaracterization to suggest that Social Security Ruling 02-01p offers any particular procedural mode of analysis for obese disability claimants.

[Doc. 19, p. 16 (quoting *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006))]. Judge Shirley also noted that the ALJ discussed parts of the record which contain findings regarding plaintiff's obesity and the recommendation that she lose weight [Tr., pp. 24-25]. Through this, the magistrate judge concluded that the ALJ properly assessed the impact of plaintiff's obese condition on other systems through his assessment of her limitations. While plaintiff argues that the ALJ's review of her obesity was insufficient and that he did not properly consider the limitations that may arise as a result of this condition, the Court notes that a diagnosis or notation of obesity does not, by itself, establish the condition's severity or its effect on a plaintiff's functional limitations. Furthermore plaintiff has not offered any evidence or argument, either in her objection or her initial motion, that a restriction resulting from her obesity required greater limitations than those found by the ALJ in his RFC determination.

8

### III. Conclusion

For the reasons explained above, plaintiff's objections [Doc. 20] will be **OVERRULED** and the Court will **ACCEPT IN WHOLE** the R&R [Doc. 19], which the Court will adopt and incorporate into its ruling. Plaintiff's motion for summary judgment [Doc. 13] will be **DENIED**, the Commissioner's motion for summary judgment [Doc. 17] will be **GRANTED**, the decision of the Commissioner will be **AFFIRMED**, and this case will be **DISMISSED**. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE